Clifford W. POTTER, Regional Director of the Twenty-Third Region of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

PLUMBERS AND PIPEFITTERS, LOCAL UNION NO. 142, Respondent.

Civ. A. No. 2837.

United States District Court
W. D. Texas.

July 1, 1960.

Charles B. Slaughter, Atty., N. L. R. B., Dept. of Labor, Washington, D. C., for petitioner.

Floyd McGown, Sr., and George A. Kampmann, San Antonio, Tex., for Shop Rite Foods, Inc.

Maury Maverick, Jr., Arthur M. Gochman, of Maverick, Tynan & Gochman, San Antonio, Tex., for respondent.

192 F.Supp.—41

BEN H. RICE, Jr., Chief Judge.

This cause came on to be heard upon the verified petition of Clifford W. Potter, Regional Director of the Twenty-Third Region of the National Labor Relations Board (herein called the Board), for a temporary injunction pursuant to Section 10(*l*) of the National Labor Relations Act, as amended (herein called the Act), 29 U.S.C.A. § 160(*l*) pending the final disposition of the matters involved herein pending before the Board, and upon the issuance of an order to show cause why injunctive relief should not be granted as prayed in said petition. Respondent filed an answer to said petition. A hearing on the issues raised by the petition and answer was duly held on June 30, 1960. All parties were afforded full opportunity to be heard, to examine and cross-examine witnesses, to present evidence bearing on the issues, and to argue on the evidence and the law. The Court has fully considered the petition, answer, evidence, arguments, and briefs of counsel. Upon the entire record, the Court makes the following:

### Findings of Fact

1. Petitioner is Regional Director of the Twenty-Third Region of the Board, an agency of the United States, and filed the petition herein for and on behalf of the Board.

2. On or about April 27, 1960, William Matera, and Shop-Rite Foods, Inc. d/b/a Piggly Wiggly (herein called Matera and Piggly Wiggly, respectively), pursuant to provisions of the Act, each filed a charge with the Board alleging, *inter alia*, that Plumbers and Pipefitters Local Union No. 142 (herein called Local 142), a labor organization, has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(b) (4) (i) and (ii), subparagraph (B) of the Act, 29 U.S.C.A. § 158(b) (4) (i, ii) (B).

3. The aforesaid charges were referred to petitioner as Regional Director of the Twenty-Third Region of the Board.

4. There is, and petitioner has, reasonable cause to believe that:

(a) Respondent, an unincorporated association, is an organization in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

(b) Respondent maintains its principal offices at San Antonio, Texas, and at all times material herein has been engaged within this judicial district in transacting business and in promoting and protecting the interests of its employee members.

(c) San Antonio Refrigeration (herein called Refrigeration), a partnership composed of L. D. Gillespie, W. A. Moore and Taylor Saathoff, is engaged at San Antonio, Texas, in the installation of refrigeration equipment.

(d) Piggy Wiggly is engaged at San Antonio, Texas, in the retail grocery business. In the operation of its business, it annually receives gross revenues in excess of $1,000,000 and annually receives goods and products from outside the State of Texas valued at over $50,000.

(e) Matera is engaged at San Antonio, Texas, as a general contractor in the construction industry. In the operation of his business, Matera annually receives goods and materials from outside the State of Texas valued at over $50,000. D. H. Dillard Company (herein called Dillard), and D. E. Johnson and Company (herein called Johnson), are, respectively, an air conditioning contractor and a plumbing contractor in the construction industry.

(f) At all times material herein, Matera has been engaged as a general contractor in the construction of the Northwest Center in San Antonio, Texas, and Dillard and Johnson have been engaged there as subcontractors of Matera for air conditioning and plumbing, respectively. In the course of its business, Piggly Wiggly leased space in the Northwest Center for a new Piggly Wiggly store, and contracted with Refrigeration to install refrigeration equipment in the new store.

(g) At all times material herein, respondent has engaged in a labor dispute with Refrigeration.

(h) At no time material herein, has respondent had any labor dispute with Piggly Wiggly, Matera, Dillard or Johnson.

(i) In furtherance of the aforesaid dispute with Refrigeration, on or about and after April 26, 1960, respondent picketed said Northwest Center at places where no employees of Refrigeration were working, with signs reading:

"This is for information only. Piggly Wiggly pays construction workers sub-standard wages."

and

"This is for information only. San Antonio Refrigeration Company pays sub-standard wages."

Respondent also has ordered, instructed, requested and appealed to employees of Matera, Dillard, Johnson and others to cease work for their employers at the Northwest Center.

(j) As a result of respondent's acts and conduct aforesaid, employees of Dillard and Johnson ceased work for their employers at the Northwest Center.

(k) Also in furtherance of the dispute with Refrigeration referred to in Findings of Fact (4 (g) above, respondent has threatened Piggly Wiggly by various means including oral threats and by distributing handbills on or about and after April 26, 1960, at Piggly Wiggly stores in the vicinity of San Antonio, Texas, reading:

"Piggly Wiggly of San Antonio allows sub-contractors to pay their employees sub-standard wages.* We protest the payment of sub-

* Wages below prevailing minimum wages for this area as determined by the Secretary of Labor of the United States.

standard wages. Please do not patronize Piggly Wiggly. Distributed by the union, Local 142."

(l) Objects of the acts and conduct of respondent set forth in Findings of Fact 4(i) (j) and (k), above, were and are to force or require Piggly Wiggly and other persons, to cease using, selling, handling, transporting, or otherwise dealing in the products of and to cease doing business with Refrigeration.

5. The acts and conduct of respondent set forth in Findings of Fact 4(i) (j) (k) and (l), above, occurring in connection with the operations of Piggly Wiggly, Matera, Dillard and Johnson, have a close, intimate, and substantial relation to trade, traffic, and commerce among the several States and tend to lead to and do lead to labor disputes burdening and obstructing commerce and the free flow of commerce.

6. It may fairly be anticipated that, unless enjoined, respondent will continue and repeat the acts and conduct set forth in Findings of Fact 4(i) (j) (k) and (l) above, or similar or like acts and conduct.

Conclusions of Law

1. This Court has jurisdiction of the parties and of the subject matter of this proceeding, and under Section 10(l) of the Act is empowered to grant the injunctive relief.

2. There is, and petitioner has, reasonable cause to believe that:

(a) Respondent is a labor organization within the meaning of Section 2(5), 8 (b) and 10(l) of the Act, 29 U.S.C.A. §§ 152(5), 158(b), 160(l).

(b) Piggly Wiggly and Matera are engaged in commerce within the meaning of Sections 2(6) and (7) of the Act.

(c) Dillard, Johnson and Refrigeration are engaged in commerce or in an industry affecting commerce.

(d) Respondent has engaged in unfair labor practices within the meaning of Section 8(b) (4) (i, ii) subparagraph (B) of the Act, affecting commerce within the meaning of Section 2(6) and (7)

of the Act, and a continuation of these practices will impair the policies of the Act as set forth in Section 1(b), 29 U.S.C.A. § 141(b) thereof.

3. To preserve the issues for the orderly determination as provided in the Act, it is appropriate, just and proper that, pending the final disposition of the matters herein involved pending before the Board, respondent, its officers, representatives, agents, servants, employees, attorneys, and all members and persons acting in concert or participation with it or them, be enjoined and restrained from the commission, continuation, or repetition, of the acts and conduct set forth in Findings of Fact 4(i) (j), (k) and (l), above, acts or conduct in furtherance or support thereof, or like or related acts or conduct the commission of which in the future is likely or may fairly be anticipated from respondent's acts and conduct in the past.

