WIGGINTON, Chief Judge.
Defendant labor union seeks interlocutory review of a temporary injunction rendered by the Circuit Court of Leon County restraining it from peacefully picketing the premises owned by appellees and on which they are in the process of constructing a student residence hall near the campus of Florida State University.
Appellees are the owners of the premises located near Florida State University campus on which they are having constructed by their general contractor, Albritton-Wil-liams, Inc., a residence hall or dormitory to be occupied by and operated for the benefit of students enrolled at the University. When completed, the dormitory will accommodate 524 students and more than 150 leases have already been executed by the owners with students entering the fall quarter commencing September 15, 1968. If construction continues as scheduled, the construction will be completed and the dormitory ready for occupancy on September 15, 1968.
Appellees’ general contractor has filed two complaints with the National Labor Relations Board charging appellant local labor union with unfair labor practices in connection with the contractor’s construction of the dormitory involved in this case, and appellant labor union has filed with the National Labor Relations Board a complaint charging the general contractor with unfair labor practices in connection with the performance of its contract on the dormitory here in question. The Board has accepted jurisdiction of both complaints and is now in the process of investigating them. Appellee owners are not engaged in interstate commerce and the dormitory being constructed by them, when completed, will be a facility over which the National Labor Relations Board would not assert or claim jurisdiction.
The appellant labor union commenced picketing the construction site of the dormitory as a result of which members of other labor unions refused to cross the picket line, causing work on the project to cease for all practical purposes. There is a shortage of housing for students entering Florida State University for the fall quarter and unless enjoined the labor union will continue to picket the premises thereby preventing completion of the construction of the dormitory and precluding appellees from honoring their rental contracts with students entering the University, thereby *892 causing irreparable harm and damage to both appellees and the students affected.
At the hearing on appellees’ motion for issuance of a temporary restraining order, appellants orally moved the trial court to deny the motion and dismiss the complaint on the ground that the exclusive jurisdiction to settle the controversy between the labor union and the general contractor is vested in the National Labor Relations Board which has assumed jurisdiction of the charges made by each against the other, and that the trial court is without jurisdiction either to settle the controversy or to enjoin the peaceful picketing engaged in by the appellant labor union. Appellants’ oral motions were denied and the injunction issued.
The primary thrust of appellants’ position is that the exclusive jurisdiction for settling the controversy existing between appellants and appellees’ general contractor, Albritton-Williams, Inc., and for seeking any injunctions which may be warranted in the premises, is vested in the National Labor Relations Board of the United States under the Labor Management Relations Act of Congress[1] and that the Circuit Court of Leon County lacks jurisdiction over the subject matter of the cause.
It is important to note at the outset that appellees do not contend nor have they asserted that appellants’ conduct constitutes mass picketing or picketing creating a breach of the peace, or that they have engaged in acts of violence or threats of violence in their picketing of the construction site on which the student residence hall is being constructed. It is conceded that appellants’ picketing of the construction site is peaceful and not subject to criticism on the grounds of violence or breach of the peace.
In the foregoing recital of the facts it appears evident that appellant labor u h h ^ n ^ ®1 0 ^ union and appellees’ general contractor have each charged the other with unfair labor practices falling squarely within the jurisdiction of the National Labor Relations Board, which Board has accepted jurisdiction of their complaints and is now in the process of investigating them. Since no question exists as to the jurisdiction of the Board to settle the controversy existing between appellant union and appel-lees’ general contractor, that jurisdiction has become exclusive and the courts of this state are without jurisdiction under the facts of this case to enter the controversy or attempt to settle any phase of the dispute between the contending parties.
L S1 In the case of Wood, Wire & Metal Lathers International Union v. Babcock Co.[2] the Third District Court of Appeal, speaking through Judge Horton, said:
* * * Suffice it to say that the Supreme Court of the United States has generally construed the Labor Management Relations Act as pre-empting the field in labor matters where the conduct complained of affects interstate commerce and, though the state power has not been exclusively absorbed, the states have been left a very narrow field of operation. Basically, as outlined in United Auto, Aircraft & Agr. Implement Workers of America v. Wisconsin Employment Relations Board, 351 U.S. 266, 76 S.Ct. 794, 100 L.Ed. 1162, the state’s power in labor relations matters is confined to a prevention of mass picketing, acts of violence and threats of violence. See Allen-Bradley Local, etc. v. Wisconsin [Employment Relations] Board, 315 U.S. 740, 62 S.Ct. 820, 86 L.Ed. 1154; United Construction Workers, etc. v. Labernum [Laburnum Const.] Corp., 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025; Algoma Plywood & Veneer Co. v. Wisconsin [Employment Relations] Board, 336 U.S. 301, 69 S.Ct. 584, 93 L.Ed. 691. It would appear now to be *893 an established rule that a state court may not enjoin peaceful picketing where it is arguable that the activities complained of are within the purview of the Labor Management Relations Act. San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775.”
In delineating the general principles which have evolved with respect to the jurisdiction of state courts to employ the injunctive process in the settlement of labor management disputes, Justice Thor-nal, speaking for the Supreme Court of Florida in Scherer & Sons, Inc. v. International Ladies’ Garment Workers’ Union,[3] said:
“ * * * Certain general principles have evolved in the decisions dealing with this subject. Among these are the following:
“1. A state may not prohibit the exercise of rights which the Taft-Hartley Act protects.
“2. A state may not assert its injunc-tive processes against ‘an unfair labor practice’ defined by federal statutes.
“3. A state may enforce its injunctive processes against conduct of a union which is neither protected nor prohibited by federal labor statutes.
“Illustrative of the third category is mass picketing or picketing which creates a breach of the peace. If a given situation may reasonably be classified in the first and second categories then state jurisdiction must accede to the agency which Congress has selected for the initial determination of the issues. * * ”
In characterizing the act of peaceful picketing by a labor union as a right protected by the National Labor Relations Act[4] and beyond the jurisdiction of a state court to enjoin, the Second District Court of Appeal in United Steel Workers of America v. Nubar Tool & Engineering Co.[5] speaking through Judge Allen said:
“This court is of the opinion that some of the foregoing activities on the part of the union, such as peaceful picketing and the carrying of placards, are arguably protected and thus arguably permitted under the provisions of § 7 of the N.L.R.A., 29 U.S.C.A. § 157. * * * Clearly a state court may not, by the injunctive process prohibit the exercise of rights protected by the federal labor policy as expressed in the N.L.R.A., as amended. Hill v. [State of] Florida [ex rel. Watson], 1945, 325 U.S. 538, 65 S.Ct. 1373, 89 L.Ed. 1782. Nor may a state enjoin conduct which has been made an unfair labor practice under federal law. Garner v. Teamsters, Chauffeurs & Helpers Local [Union] No. 776, 1953, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228. An exception to this latter provision does permit a state to enjoin violence or similar conduct notwithstanding the fact that the acts enjoined arise within the context of a labor dispute and also amount to an unfair labor practice under federal law. * * * ”
Appellees cite and rely on the case of Local 675, International Union of Operating Engineers v. Meekins, Inc.[6] to support the injunctive order appealed herein. The injunction issued by the state court in Meekins restraining the labor union from picketing Meekins’ concrete products plant *894 on account of a labor dispute with Meekins was sustained on the finding that plaintiff was not engaged in interstate commerce. Such a finding took the picketing activities of the union out of the protective jurisdiction of the National Labor Relations Board and activated the jurisdiction of the state court to employ its injunctive processes if found to be necessary in the interest of justice.
While it is true in the case sub judice that appellees are not engaged in interstate commerce, by their stipulation it is conceded that their general contractor is so engaged for it has recognized the jurisdiction of the National Labor Relations Board to settle the dispute between it and appellant union. The picketing enjoined herein is directed solely against the contractor and not the appellee owners. Although appellees are in the position of the proverbial toad beneath the harrow, and are the ones who will be most greatly injured if the picketing continues, we are aware of no authority, and none has been brought to our attention, which vests jurisdiction in state courts to enjoin a labor union from picketing an owners’ facility if it has a bona fide dispute with the owners’ general contractor working at or on the facility being picketed.
It is our view that the peaceful picketing of appellees’ construction site by appellant union growing out of the labor dispute it has with appellees’ general contractor of which the National Labor Relations Board has assumed jurisdiction is a right protected by the provisions of the National Labor Relations Act. It is our further view that the exclusive jurisdiction for settling the disputes existing between appellant labor union and appellees’ general contractor is vested in the National Labor Relations Board and under the facts and circumstances of this case the Circuit Court of Leon County is without jurisdiction to enjoin the picketing through the exercise of its injunctive processes. Our decision in this case is not to be construed as holding that under no circumstances may peaceful picketing by a labor union be enjoined. If the purpose of the picketing, even though it be peaceful, is to coerce the one against whom the picketing is directed to take a course of action in violation of a state statute or provision of the state constitution, the picketing may be enjoined. This was the conclusion reached in cases decided both by this court and the Supreme Court of Florida.[7]
The order granting the temporary injunction appealed herein is reversed with directions that the complaint be dismissed without prejudice to the rights of appellees to apply to the National Labor Relations Board for an order directing the institution of an action in the name of the Board for injunctive relief equivalent to that sought in this proceeding.[8]
CARROLL, DONALD K., and SPEC-TOR, JJ., concur.

. Title 29 U.S.C. § 141 et seq.

. . Wood, Wire & Metal Lathers International Union v. Babcock Co., (Fla.App.1961) 132 So.2d 16, 18.

. Scherer & Sons, Inc. v. International Ladies’ Garment Workers’ Union, (Fla.1962) 142 So.2d 290, 294.

. Title 29 U.S.C. § 151 et seq.

. United Steel Workers of America v. Nubar Tool & Engineering Co., Inc., (Fla.App.1963) 148 So.2d 45, 49.

. Local 675, International Union of Operating Engineers v. Meekins, Inc., (Fla.App.1965) 175 So.2d 59.

. Brotherhood of Railroad Trainmen v. Jacksonville Terminal Company, (Fla.App.1967) 201 So.2d 253; Hescom, Inc. v. Stalvey, (Fla.App.1963) 155 So.2d 3; Local Union No. 519 of United Ass’n of Journeymen and Apprentices, etc. v. Robertson, (Fla.1950) 44 So.2d 899.

. Potter v. Plumbers and Pipefitters, Local Union No. 142, (D.C.Tex.1960) 192 F. Supp. 641.